IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

|  |  |  |
|---|---|---|
| KELLY A. ASKARI, | § § § | Civil Action No. |
| Plaintiff, | § § | |
| vs. | § § | |
| FABER AND BRAND, LLC, | § § § | |
| Defendant. | § § § | (Unlawful Debt Collection Practices) |

**Preliminary Statement**

1. Plaintiff, Kelly A. Askari, brings this action to secure redress from unlawful collection practices engaged in by Defendant, Faber and Brand, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Texas Finance Code ("TDCA") and Deceptive Trade Practices Act ("DTPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C.A. § 1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors'

harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. The FDCPA applies to the litigating activities of lawyers. The FDCPA defines the "debt collector[s]" to whom it applies as including those who "regularly collec[t] or attemp[t] to collect, directly or indirectly, [consumer] debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly "attempts" to "collect" those consumer debts. *See, e.g.,* BLACK'S LAW DICTIONARY 263 (6th ed. 1990) ("To collect a debt or claim is to obtain payment or liquidation of it, either by personal solicitation or legal proceedings"). *Heintz v. Jenkins,* 514 U.S. 291, 294 (1995). "The Act [FDCPA] applies to attorneys who 'regularly' engage in consumer-debt-collection activity, even when that activity consists of litigation." *Id.* at 299.

7. In *Serna v. Law Office of Joseph Onwuteaka, P.C.,* 732 F.3d 440, 445 (5th Cir. 2013), the Fifth Circuit discussed the history of the adoption of Section 1692i:

> The origins of § 1692i(a)(2) can be traced to the Federal Trade Commission's ("FTC") fair-venue standards, which "provide[ ] that if a creditor sues a consumer for a delinquent account, the creditor may sue the consumer only in the judicial district in which the consumer resides at the beginning of the action or signed the contract sued upon." *In re J.C. Penney Co.,* No. 852-3029, 1986 WL 722090, at *4 (F.T.C. July 17, 1986). The FTC adopted these standards after observing that "[k]nowingly filing actions in distant counties in order to gain an unconscionable advantage [was] not a unique or isolated practice, but instead ha[d] been continuously identified ... as a widespread and common abuse in the debt collection field." *In re Spiegel, Inc.,* [No. 8990, 1975 WL 173254, at *6 (F.T.C. Aug. 18, 1975)].

> Following the FTC's implementation of the fair-venue standards, Congress observed the importance of "address[ing] the problem of 'forum abuse,' an unfair practice in which debt collectors file suit against consumers in courts which are so distant or inconvenient that consumers are unable to appear." S.Rep. No. 95-382, at 5, reprinted in 1977 U.S.C. C.A.N. 1695, 1699. To remedy this problem and prevent debt collectors from unfairly pursuing debt-collection actions against consumers in distant forums with the goal of receiving default judgments, Congress "adopt[ed] the 'fair venue standards' developed by the [FTC]." *Id.*

Serna, 732 F.3d at 446-47.

8. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## Jurisdiction and Venue

9. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a), and the doctrine of supplemental jurisdiction for the TDCA claims.

10. Venue and personal jurisdiction are proper in this District under 28 U.S.C. § 1391(b)-(d) and because Defendant communicated with the Plaintiff here.

## Parties

11. Plaintiff Kelly A. Askari is an individual who resides in Hurst, Tarrant County, Texas.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Texas Finance Code § 392.001(1).

13. Defendant Faber and Brand, LLC is a limited liability company professional corporation chartered under the laws of the State of Missouri with its principal office located at 6750 S. New Town Avenue, Columbia, Missouri 65203. Its registered agent is Joy N. Jackson, 6750 S. New Town Avenue, Columbia, Missouri 65203.

## Facts Relating to the Defendant

14. Defendant's business activities consist of acting as a collection agency, using the mails and telephone system to collect delinquent debts for others.

15. On its website, faberandbrand.com under the heading "client services," Defendant states that "Faber and Brand LLC is your legal collections solution."

16. On its website, faberandbrand.com under the heading "consumer resources," warns consumers that "This is a communication from a Debt Collector in an attempt to collect a debt. Any information obtained will be used for that purpose."

17. Faber and Brand, LLC is an entity engaged in the business of collecting consumer debts throughout the United State. The principal purpose of Defendant's business is the collection of consumer debts using the mails and telephone, and it regularly attempts to collect consumer debts for others. Faber and Brand, LLC is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6). Faber and Brand, LLC is also a "third-party debt collector" as defined by Tex. Fin. Code § 392.001(7).

## Factual Allegations

18. On or about February 28, 2022, Faber and Brand, LLC filed suit on behalf of NASA Federal Credit Union in the Kyrene Justice Court of the State of Arizona in and for the County of Maricopa, under Cause No. CC2022-032747 RC, styled NASA Federal Credit Union v. Kelly A. Askari (the "Arizona State Court Case"). A copy of the Arizona State Court Case is attached hereto as Exhibit A.

19. Defendant alleged in the Arizona State Court Case that "the Defendant reside [sic] in or may be found in MARICOPA County, Arizona and within the venue of this court." *See* Exhibit A.

20. As to the parties and the Debt, the Kyrene Justice Court of the State of Arizona in and for the County of Maricopa is not the Plaintiff's 15 U.S.C. § 1692i "district." The Plaintiff was not a resident of Arizona at the time the State Court Case was filed. Moreover, the Plaintiff signed no contract with NASA Federal Credit Union in Arizona.

21. The relevant "judicial district or similar legal entity" is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the venue rules. *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 638 (7th Cir. 2014); *Hess v. Cohen & Slamowitz LLP,* 637 F.3d 117, 123-24 (2d Cir. 2011). Venue must be laid in the state judicial unit that has jurisdiction over the claim, if that unit is smaller than a county. *Nichols v. Byrd,* 435 F.Supp.2d 1101 (D.Nev. 2006).

22. Plaintiff was served with the Arizona State Court Case at her home in Hurst, Texas on March 26, 2022.

23. In *Serna v. Law Office of Joseph Onwuteaka, P.C.,* the Fifth Circuit determined that, "[b]ecause the harm of responding to a suit in a distant forum arises only after receiving notice of that suit, a 'violation' does not arise under § 1692i(a)(2) until such time as the alleged debtor receives notice of the suit." 732 F.3d 440, 445 (5th Cir. 2013).

24. Plaintiff hired an Arizona attorney to represent her interests. Plaintiff's Arizona counsel filed a Motion to Dismiss the Arizona State Court Case for lack of personal jurisdiction on March 31, 2022. A copy of the Motion to Dismiss (and its exhibits) is attached as Exhibit B.

25. Plaintiff incurred fees and expenses in the amount of $918.00 for the services of her Arizona counsel.

26. Plaintiff endured mental anguish and stress over being sued in a distant forum.

27. The Motion to Dismiss the Arizona State Court Case was granted on April 25, 2022. A copy of the Order granting the Motion to Dismiss the Arizona State Court Case is attached as Exhibit C.

28. Before filing the Arizona State Court Case, Defendant mailed written correspondence to Plaintiff at her home address in Hurst, Texas on November 3, 2021. The November 3, 2021 correspondence was an exhibit to the Motion to Dismiss. *See* Exhibit B.

29. Before filing the Arizona State Court Case, Defendant mailed written correspondence to Plaintiff at her home address in Hurst, Texas on December 8, 2021. The December 8, 2021 correspondence was an exhibit to the Motion to Dismiss. *See* Exhibit B.

30. The obligation ("Debt") that Faber and Brand, LLC sought to collect required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an account with NASA Federal Credit Union, which would have been used by the Plaintiff for non-business purposes.

31. The foregoing acts and omissions were undertaken on behalf of the Defendant by its respective officers, agents or employees, acting at all times relevant hereto within the scope of that relationship.

32. The foregoing acts and omissions of the Defendant were undertaken willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff, as shown by written communications sent to the Plaintiff on November 3, 2021 and D3cember 8, 2021, before the Arizona State Court Case was filed.

33. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of its regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

## First Claim for Relief

34. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. Defendants' violations of the FDCPA include, but are not limited to:

   a. In violation of 15 U.S.C. § 1692d, the Defendant engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing suit in distant forum violation and in further violation of TEX. CIV. PRAC. & REM. CODE § 15.092(c).

   b. In violation of 15 U.S.C. § 1692e(2)(a) and 15 U.S.C. § 1692e(10), Defendant used objectively false representations and/or false, deceptive or misleading representations or means in connection with the collection of a consumer debt. Specifically, Defendant represented venue was proper in Maricopa County, Arizona in the pleadings served on Plaintiff on March 26, 2022.

   c. In violation of 15 U.S.C. § 1692(e)(5) and the "least sophisticated consumer" standard, the Defendant threatened to take an action (and actually took such an action) which cannot legally be taken or that is not intended to be taken. Such actions include filing pleadings falsely alleging venue; and filing those pleadings in a distant forum.

   d. In violation of 15 U.S.C. § 1692f, the Defendant used unfair or unconscionable means to collect or attempt to collect a consumer debt by filing suit in distant forum violation and in further violation of TEX. CIV. PRAC. & REM. CODE § 15.092(c).

   e. In violation of 15 U.S.C. § 1692i, the Defendant filed the State Court Case in Maricopa County, Arizona which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action.

35. Under 15 USC § 1692k, Defendant's violations of the FDCPA render it liable to Plaintiff for statutory damages, actual damages, costs, and reasonable attorney's fees.

**Second Claim for Relief**

36. The Plaintiffs repeat, reallege, and incorporate by reference the foregoing paragraphs. The Defendant's violations of the TDCA include, but are not limited to:

    a. In violation of TEX. FIN. CODE § 392.301(a)(8), Defendant threatened to take (and/or did take) an action prohibited by law.

    b. In violation of TEX. FIN. CODE § 392.304(a)(19), Defendant used false representations and deceptive means to collect a consumer debt.

37. Under TEX. FIN. CODE ANN. § 392.403, the Defendant's violations of the TDCA render it liable to Plaintiffs for actual damages, statutory damages, injunctive relief, declaratory relief, costs, and reasonable attorney's fees.

**Third Claim for Relief**

38. The Plaintiff repeats, realleges and incorporates by reference the foregoing paragraphs. The Defendant's violations of the DTPA include, but are not limited to:

    a. Pursuant to TEX. FIN. CODE ANN. § 392.404, the Defendant's violations of the TDCA also constitute a deceptive trade practice under Subchapter E, Chapter 17, Business & Commerce Code ("DTPA"), and is actionable under that subchapter.

    b. In violation of TEX. BUS. & COMM. CODE §17.46(b)(23), Defendant filed suit founded upon a written contractual obligation of and signed by the defendant to pay money arising out of or based on a consumer transaction for goods, services, loans, or extensions of credit intended primarily for personal, family, household, or agricultural use in any county other than in the county in which the defendant resides at the time of the commencement of the action or in the county in which the defendant in fact signed the contract.

39. Under TEX. BUS. & COM. CODE § 17.50(b)(2), the Defendant's violations of the DTPA render it liable to Plaintiff for injunctive relief, and reasonable attorney's fees. Specifically, Plaintiff seeks to enjoin Defendant from suing her on debts in any forum that is not the judicial district in which she resided at the commencement of the litigation or signed the agreement which forms the basis of the debt.

## Prayer for Relief

WHEREFORE, the Plaintiff prays that this Court:

1. Declare that Defendant's actions violate the FDCPA and TDCA.

2. Enjoin the Defendant's actions which violate the TDCA and the DTPA.

3. Enter judgment for Plaintiff and against Defendant for actual damages, statutory damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692k(a) and/or TEX. FIN. CODE ANN. § 392.403.

4. Grant such further relief as deemed just.

Respectfully submitted,

*/s/Jerry J. Jarzombek*
Jerry J. Jarzombek
Texas Bar No. 10589050
THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
6300 Ridglea Place, Suite 610
Fort Worth, Texas 76116
817-348-8325
817-348-8328 Facsimile
*jerryjj@airmail.net*

ATTORNEY FOR PLAINTIFF,
KELLY A. ASKARI

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

        Respectfully submitted,

        */s/Jerry J. Jarzombek*
        Jerry J. Jarzombek
        Texas Bar No. 10589050
        THE LAW OFFICE OF JERRY JARZOMBEK, PLLC
        6300 Ridglea Place, Suite 610
        Fort Worth, Texas 76116
        817-348-8325
        817-348-8328 Facsimile
        *jerryjj@airmail.net*

        ATTORNEY FOR PLAINTIFF,
        KELLY A. ASKARI